### BEN PERRY V. THE STATE.

#### No. 2238. Decided March 6, 1901.

**1. Theft of Money—Description of—Variance.**

Where an information for theft of money described the money as "lawful money of the United States," and the evidence showed the theft of silver certificates or National Bank notes, the variance was fatal and the conviction could not be sustained. Brooks, J., dissenting.

**2. "Lawful Money of the United States."**

"Lawful money of the United States" means coin or treasury notes made legal tender by act of Congress.

**3. Same—Information—Bank Bills.**

When a prosecution is based upon the theft of money consisting of bank bills, the character, number, and denomination of said bank bills should be given in the allegations describing them in the information or indictment; or, there should be an allegation excusing this want of particularity.

**4. Confession—Warning as to.**

Where the warning given defendant, when in custody, by the officer, was that anything he might state "could be used against him or for him," such warning was not in conformity with the law, and would not authorize the admission of defendant's confession.

**5. Same—Time of Warning—Boy Prisoner.**

Where defendant's confession, made in custody, is sought to be introduced in evidence against him, it must be shown that such confession was made after he was warned and within a reasonable time after the warning. But, though the warning, as made by the officer on the day previous to the confession, was sufficiently near in point of time, yet, where it appeared that defendant was a mere boy, the warning, to be a sufficient predicate, should have been repeated so as to put him on his guard with reference to his rights.

APPEAL from the County Court of Navarro. Tried below before Hon. J. F. STOUT, County Judge.

Appeal from a conviction of theft of money under the value of $50; penalty, sixty days confinement in the county jail.

The money charged to have been stolen was taken from the possession, and was the property of, Horace Perry. Horace Perry was a brother of Ben Perry, the defendant. Ben Perry was a boy 15 years of age, who lived with his father. Horace also lived with his father, and he had saved up the money from his wages working for the telephone company. A portion of the money was recovered by a policeman (Martin Clark) from one Claud Maddox; and Clark testified that Maddox gave him $3 in silver and said it was all he had; but that afterwards he gave him seven one-dollar bills, one two-dollar bill, and two five-dollar bills, and told him that he, Maddox, got it from Ben Perry. The policeman, Martin Clark, arrested Ben Perry. L. W. Cole, city marshal, testified that after defendant's arrest by Clark, "I told defendant that I wanted him to tell me all about it, but that anything he said could be used against him or for him. He would not talk about it for a long time. After awhile he admitted that he had taken his brother's money."

*Ballew & Ballew,* for appellant.

*D. E. Simmons,* Acting Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft of money under the value of $50, and his punishment assessed at imprisonment in the county jail for sixty days, and he prosecutes this appeal.

Appellant assigns as error a variance between the proof and the allegations as to the description of the money in the information. The information describes the property as "twenty-nine dollars, same being lawful money of the United States of America of the value of twenty-nine dollars." The proof showed four five-dollar bills, silver certificates or national bank notes, and seven one-dollar bills, silver certificates, and one two-dollar bill, also described by the witness as a silver certificate. It has been held in a number of decisions that the allegation "lawful money of the United States" means coin or treasury notes made legal tender by the act of Congress. We are not advised of any case holding that under our statute with reference to theft of money national bank bills or silver certificates are regarded as money. See Otero v. State, 30 Texas Crim. App., 450; Menear v. State, Id., 475; Dukes v. State, 22 Texas Crim. App., 192; Thompson v. State, 35 Texas Crim. Rep., 511; Warren v. State, 29 Texas, 369; Wofford v. State, 29 Texas Crim. App., 536. In our opinion, there was a variance between the allegations in the information and the proof offered. It occurs to us it would have been a very easy matter for the pleader, in drawing the information, to have described the

money more fully. The character of bills could have been set forth, and the number and denominations of same. When this is practicable, is should always be done; and, when not, there should be an allegation in the information giving an excuse for the want of this particularity of allegation.

Appellant objected to his alleged confession introduced in evidence by the State through the witness Martin Clark, on the ground that he had not been warned by Clark. However, the bill shows that he had been warned by the city marshal, Cole, on the day previous. The warning, though, was not in accordance with the statute. He was told by the officer that anything he stated "could be used against him or for him." In Barth v. State, 39 Texas Criminal Reports, 381, it was held that the confession need not be made to the party giving the warning, but it must be within such reasonable time thereafter as to indicate defendant remembered and was impressed with the warning given, and made the confession under it, comprehending its legal effect, to wit, that it could be used against him. The warning given here was sufficiently near in point of time, but, appellant being a mere boy, it occurs to us the warning should have been repeated, so as to have put him on guard with reference to his rights. More than this, the warning was not in accordance with the law. Guinn v. State, 39 Texas Crim. Rep., 257; Unsell v. State, 39 Texas Crim. Rep., 330.

We also think the testimony given by Clark as to what Claud Maddox told him was clearly hearsay. It is not necessary to notice other assignments. The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

BROOKS, JUDGE.—I think the information is correct and there is no variance.