### Will Berry v. The State.

#### No. 2751. Decided April 27, 1904.

**1.—Indictment—Paper Money—Description—Theft.**

An allegation which alleged the theft of "one ten dollar bill of lawful currency of the United States of America of the value of ten dollars, and one five dollar bill of lawful currency of the United States of America, of the value of five dollars—a more minute description of said bills being to the grand jurors unknown," was a sufficient description of the money in an indictment for theft from the person.

**2.—Evidence—Legal Tender Not Necessary.**

Where an indictment charges the theft of bills in the currency of the United States of America, or theft of current money of the United States of America, giving the denomination and value thereof, the allegation can be proven by thefts of United States legal tender treasury notes, or of United States demand notes, or of United States gold or silver certificates, or of National bank bills of the United States. Overruling: Oterro v. State, 30 Texas Crim. App., 450; Perry v. State 2 Texas Ct. App., 71; Summers v. State, 76 S. W. Rep., 762. Approving: Kimbrough v. State, 28 Texas Crim. App., 367; Dennis v. State, 74 S. W. Rep., 359.

**3.—Same—Circumstantial Evidence—Charge of the Court.**

Where the court charged the jury on the law of circumstantial evidence, it was not error to refuse a requested charge on the theory whether some other person than appellant committed the theft; or on the theory whether

the money found in defendant's possession was the identical money which was stolen.

**4.—Charge of the Court—Drunkenness.**

Unless the evidence showed that defendant was so intoxicated that he was incapable of forming the criminal intent, it was not error to refuse a charge on such a state of case.

**5.—Charge of the Court—Trover.**

Where the evidence does not raise the issue that appellant found the money which he is charged with stealing, it was not error to refuse an instruction to that effect.

**6.—Evidence—Circumstantial Evidence Sufficient.**

See opinion for facts held sufficient to support a conviction of theft from the person.

Appeal. from the District Court of Falls. Tried below before Hon. Sam R. Scott.

Appeal from a conviction of theft from the person; penalty, two years imprisonment in the penitentiary.

The opinion sufficiently states the facts.

*Rice & Bartlett,* for appellant.—On question of description of the stolen property: Caskey v. State, 50 S. W. Rep., 703; Monson v. State, 29 S. W. Rep., 778. On question of legal tender: Summers v. State, 76; S. W. Rep., 762. On the subject that the word currency or lawful currency is synonomous with the term money, see 8 Am. and Eng. Enc. of law, p. 498, and note; Bouvier Law Dic., title "Currency;" Swift v. Whitney, 20 Ill., 144; Croker v. State, 47 Ala., 53; Lee v. Biddis, 1 Dall. (Pa.), 175.

In Mitchell v. Hewitt, 5 Smed. (Miss.), 366, it is held that "currency" meant legal tender money and could only mean that which had been declared to be legal tender. In Wharton v. Morris, 1 Dall. (Pa.), 125, in a suit for lawful money, paper money unless shown to be legal tender, can not be brought into court.

The court erred in overruling defendant's motion for a new trial on the ground that the evidence was insufficient to sustain the verdict, in that the money claimed to have been lost by the prosecuting witness and the money found in possession of the defendant is not shown to have been the same money or in any way identified as such. Smith v. State, 68 S. W. Rep., 510; Williams v. State, 44 Texas, 34; Stewart v. State, 24 Texas Crim. App., 418; Hammell v. State, 14 Texas Crim. App., 326; Crockett v. State, 14 Texas Crim. App., 226.

The mere fact that money lost and charged to have been stolen is of the same denomination and issue as the money found in another's possession, falls far short of proof of identification. Burrell on Circumstantial Ev., 171.

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of theft from the person, and his punishment assessed at confinement in the penitentiary for a term of two years, hence this appeal.

Appellant made a motion to quash the indictment, on the ground that the money alleged to have been stolen was not sufficiently described to allow proof thereunder. The allegation in this respect is as follows: "One ten-dollar bill of lawful currency of the United States of America of the value of ten dollars, and one five-dollar bill of lawful currency of the United States of America, of the value of five dollars,—a more minute description of said 'bills being to the grand jurors unknown; and one leather pocketbook of the value of twenty-five cents," etc. The allegation with reference to the currency set out in the indictment, under the decisions of this court is a sufficient description of the same. Lewis v. State, 28 Texas Crim. App., 140; Oterro v. State, 30 Texas Crim. App., 450; Menear v. State, 30 Texas Crim. App., 475; Thompson v. State, 35 Texas Crim. Rep., 511; Colter v. State, 37 Texas Crim. Rep., 284; Perry v. State, 2 Texas Ct. Rep., 71; White v. State, 57 S. W. Rep., 100; Summers v. State, 76 S. W. Rep., 762. But it has been held that the allegations contained must be supported by proof that the currency described was United States treasury notes, or United States demand notes. Oterro v. State, 30 Texas Crim. App., 450; Perry v. State, 2 Texas Ct. Rep., 71. However, the decisions on this subject have not been uniform. In Kimbrough v. State, 28 Texas Crim. App., 367, it was held that United States paper currency embraces every character of paper currency issued and authorized to be issued as a medium of exchange and circulated as money under the authority of the laws of the United States, and included national bank bills or United States gold or silver certificates. And this view appears to have been followed in Dennis v. State, 74 S. W. Rep., 359, and other cases. In Summers v. State, supra, another view was taken. There it was held that the indictment charged theft of one five-dollar bill current money of the United States of the value of five dollars, only included United States treasury notes; that is, legal tender notes and demand notes of the United States. This case followed the line of decisions first above noted, and is not in harmony with Kimbrough's and Dennis' case and others. From the decisions on this subject it appears that the difficulty has been in regard to holding gold and silver certificates of the United States and national bank bills to be currency money of the United States. In order to support the view that these are not to be considered money of the United States, some nice distinctions have been drawn in construing article 866, Penal Code, as to what is meant by money thereunder. Without undertaking to discuss or criticise those opinions, we would observe that we can see no good reason why an indictment which charges theft of current money of the United States, or of currency of the United States, should not include United States gold and silver certificates and national bank bills of the United States. The payment of these, as we understand the Federal statutes, are safeguarded by law, and are in effect guaranteed by the United States government. Gold and silver certificates are issued directly by the government, predicated on gold and silver deposited in the treasury of the United States, and the government issues these

directly.  National bank bills are issued by the government predicated on
bonds deposited by national banks with the government, which in turn
delivers said bank bills to the particular national bank to which they were
issued; and all these pass current as money at their face value in every
State of the Union.  According to the familiar principle "that things
which are equal to the same thing are equal to each other," we hold that,
where an indictment charges theft of bills "in the currency of the United
States of America," or theft of "current money of the United States
of America," giving the denomination and value thereof, the allegation
can be proven by theft of Untied States legal tender treasury notes, or
of United States demand notes, or of United States gold or silver cer-
tificates, or of national bank bills of the United States.  We are not
now discussing metallic coin.  Of course, gold and silver coins of the
United States have always been treated as money under our statutes.
All cases in conflict with this opinion are hereby overruled.

We accordingly hold that in this case there was no variance between the
proof introduced and the allegations in the indictment.  That is, the
witness Kelly testified that he was unable to say whether the $5 and $10
bills lost by him were treasury notes, national bank bills, gold or silver
certificates of the United States.  If they were of the denomination
alleged in the indictment, and were any of the character of currency
stated above, it was sufficient proof of the kind of currency alleged in
the indictment.

We do not think that the evidence raised the issue insisted on by
appellant, that appellant may have found the money with which he was
shown to have possession.  The requested charge on this subject was not
required.

Nor do we believe there was sufficient testimony to require the court
to charge the jury to the effect that if they believed appellant was too
drunk at the time he may have taken the money to form the fraudulent
intent, to acquit him.  We do not understand the evidence in the case
to raise this issue.  The fact that appellant may have been drinking is
shown, but we do not recall the testimony of any witness tending to
show his drunkenness was of such a character that he was incapable of
forming the criminal intent.

It was not necessary for the court to instruct the jury with reference
to the theft of said money by some other person than appellant as in-
sisted on by him.  The court gave a charge on circumstantial evidence,
which was requested by appellant, and this required the jury, before they
could find defendant guilty, to exhaust every reasonable hypothesis con-
sistent with his innocence; and before they could convict him they must
find that the accused and no other person committed the offense charged.
This covered the point urged by appellant.

Appellant complains that the court did not give his fourth special
instruction, to the effect that although appellant may have been seen in
possession of money before they could convict him of the theft of the
money in question, the jury must believe that the money found in his

possession was the identical money which was lost by prosecuting witness Kelly. We understand the charge on circumstantial evidence as well as the special requested instruction given on this subject by the court at the instance of appellant, was sufficient on this issue.

Appellant strenuously insists that the evidence is not sufficient to sustain the conviction. The evidence here was of a circumstantial character, but it occurs to us that it was sufficient under the rules laid down in regard to that character of testimony. According to the evidence appellant had no money when he met prosecutor, and ascertained that prosecutor had money, remained with him until he succeeded in making him drunk, and then left him; when prosecutor regained consciousness he had no money, and appellant thereafter was found in possession of currency money, the bills being of the same character and denomination of those lost by prosecutor. In addition to this and other circumstances of a suspicious character, appellant was seen to run his hand in prosecutor's pocket. As stated, we believe the evidence was sufficient to authorize the conviction.

There being no error in the record, the judgment is affirmed.

*Affirmed.*