### DAVE HOLT v. THE STATE.

No. 3175. Decided October 25, 1905.

1.—False Swearing—Marriage License—Non-Age of Female—Two Credible Witnesses, Etc.—Charge of Court.

On a trial for false swearing, in which the questions of the age of the female and want of consent of her father were traversed, both of which questions were submitted to the jury, and there was but one witness on the question of want of consent, the requested charge that the issue of want of consent must be proven by the testimony of two credible witnesses or by one credible witness corroborated strongly by other testimony should have been given.

2.—Same—Charge of Court—Definition of the Terms Willfully and Deliberately.

See opinion for facts which required a charge of the court defining the terms wilfully and deliberately.

Appeal from the District Court of Comanche. Tried below before Hon. N. R. Lindsey.

Appeal from a conviction of false swearing; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief for the appellant has reached the hands of the Reporter.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This prosecution is for false swearing, based upon an affidavit made by appellant in Comanche County, to obtain a marriage license. The false swearing is alleged upon the statement in the affidavit that Miss Rosa Kelly is 18 years of age; and (2) that appellant did not have the consent of the father of Miss Rosa Kelly to marry his daughter. That portion of the affidavit traversed is in the following language: "That Miss Rosa Kelly is 18 years of age, and there are no legal objections to our

marriage." The court submits both phases of the false swearing to the jury in distinct portions of the charge. In regard to the want of consent of the father E. S. Kelly it is contended that the quantum of proof necessary, under the statute, is wanting, in that no evidence was introduced corroborative of Kelly's testimony as to his want of consent. In this connection special charge was requested directing the jury that in considering this phase of the case, if they should find that Kelly was not corroborated by another witness, or strongly by other evidence in the case as to the want of consent, an acquittal should follow. This was refused. The court in a general way gave a charge, that it was necessary to prove the falsity of the affidavit by two credible witnesses, or one witness strongly corroborated by other testimony. As to the fact of the girl's age being under 18, there were two witnesses, Kelly and his wife. As to the want of consent of Kelly, there was but one witness, Kelly himself. The charge requested or a similar one should have been given. As this issue was submitted to the jury as one of the predicates for conviction, the conviction may have been obtained upon that averment, and as this record is before us, the testimony is not sufficient to sustain the conviction on that averment.

The court failed to define the term "wilfully," used in the indictment. Error is assigned. We think under the facts of this case, this term should have been expressly defined to the jury. The court not only failed to define wilfully but also did not define "deliberately," and omitted even to tell the jury that it could not be false swearing if appellant made the affidavit through inadvertence or by mistake. It is true the father and mother both testify that the girl was about 16 years and 6 months of age at the time the affidavit was made; but it is not brought home directly to appellant that he knew it. Nor is there any evidence contravening the fact that the mother may have given her consent, or that he may have been laboring under the impression that she was 18 years of age. We believe this case comes within the rule laid down in Steber's case, 23 Texas Crim. App., 176. There are also one or two inaccuracies in the charge which might require a reversal of the judgment on account of the peculiar language employed. But this seems more a clerical omission than otherwise, and not likely to occur upon another trial, and is therefore not noticed.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*