### T. T. HUBBARD v. THE STATE.

No. 4005. Decided January 29th, 1908.

**1.—Carrying Pistol—Jury and Jury Law—Motion to Postpone.**

Where upon trial for unlawfully carrying a pistol, the defense asked the continuance or postponement of the case because the regular panel of the jury had tried a case of adultery in which this defendant was one of the parties charged; that his codefendant had been found guity of that offense; that the said jury heard all of the argument in said case, and the State would seek to show that defendant was carrying a pistol to kill the husband of codefendant, etc. Held, that the offense of adultery being a separate and distinct offense from that of unlawfully carrying a pistol, there was no error in overruling this motion.

**2.—Same—Evidence—Irrelevant Testimony.**

Where upon trial for unlawfully carrying a pistol, the court erroneously admitted testimony of the conduct of defendant and a certain married woman, showing the intimacy between them, the conviction for carrying a pistol, to which that testimony did not realte, must be set aside although the minimum punishment was inflicted.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*James H. Lyday* and *Taylor & Lipscomb,* for appellant.—On question of jury: Revised Civil Statutes, article 3144, section 4, White's Code Criminal Procedure, article 4, and authorities cited thereunder; Jacobs v. State, 9 Texas Crim. App., 278; Willis v. State, 9 Texas Crim. App., 297; Dunn v. State, 7 Texas Crim. App., 600; Massey v. State, 31 Texas Crim. Rep., 371. On question of irrelevant testimony: Baker v. State, 28 Texas Crim. Rep., 5.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of carrying a pistol, and his punishment assessed at a fine of $100.

Bill of exceptions No. 1 shows that appellant asked a continuance or postponement of the case, because "the twelve jurors that form the panel for this week, and the ones from whom this defendant will be forced to select the jury in his case, were present in the courtroom when cause No. 6452, The State of Texas v. Susie Sadler, was tried, and that in said case, this defendant is charged with adultery with the said Susie Sadler, who was at the time and is now the wife of Bob Sadler. That each of said jurors knows that there exists ill will and animosity between the defendant and Bob Sadler, and that the said Bob Sadler has hired private prosecution to prosecute this defendant in cause No. 6433, The State of Texas v. T. T. Hubbard, in which this defendant was charged with living in adultery with the wife of said Bob Sadler. That six of the said panel of twelve jurors sat upon the jury in said cause No. 6452, The State of Texas v. Susie Sadler, and found the defendant therein guilty of adultery with the defendant in this case. That each and all of said jurors were present and in the courtroom and heard the evidence and arguments in the said adultery cases, which have just been tried. That each and all of said jurors will be influenced by what they have heard in the said other two cases in arriving at their verdict in this case. That the State will seek to show that at the time the defendant is alleged to have carried the pistol in this case, he was carrying the same for the purpose of killing the said Bob Sadler, and that they will argue the same to the jury. That each and all of said jurors now believe that the defendant was at the time he carried said pistol seeking an opportunity to kill the said Bob Sadler, and that on account of their belief and on account of their having heard said trials, they and each of them are not competent jurors to try the defendant in this case. That if the court will not postpone the case, that the jury be set aside and another summoned, which motion was sworn to by the defendant." It is admitted that each and all of the jurors were present and in the courtroom during the trial of causes Nos. 6452 and 6453 as set out in the

application. The court appends to the bill the explanation, that the motion for continuance was not fully read to the court, nor by him, and that part of prayer asking, in case of overruling said application, that the sheriff be allowed to summon a panel of jurors, was not specifically called to the court's attention. The jurors on regular panel of which the jury for this case was selected, were all, prior to formation of such jury, and after defendant's motion had been overruled, closely questioned by counsel for State and defendant, and each and all of them stated that they had no prejudice against the defendant, that they could try the case fairly and impartially on the evidence adduced on trial. That they had no prejudice the verdict in this case shows, since they assessed only a $100 fine against appellant, which is the minimum. The idea that appellant suggests in his bill that the State would argue that appellant had the pistol for the purpose of killing another party, is not a reason for setting aside a jury. If counsel made such an argument it would be reprehensible and reversible error, since that would be a separate and distinct offense, and in this case appellant was simply being tried for unlawfully carrying a pistol. We do not think the jury were disqualified.

Bill No. 2 shows the State introduced Will Hardy, who testified to the following facts: "Defendant is a married man and Bob Sadler is the husband of Susie Sadler. Susie Sadler had been at my hotel about two or three weeks prior to the arrest of defendant and was there the day the defendant was arrested. Bob and Susie were not living together at this time. Bob Sadler came to my hotel several times while Susie Sadler was there, and they talked together each time. Defendant came to my hotel often while Susie Sadler was there, and they were together as many as six times and on one or two occasions the defendant spent the night there. I saw defendant and Susie Sadler come to the house together late one night, and he was at my hotel with her often. They came there about the same time, and defendant has not been at my hotel since he and Susie Sadler were arrested for adultery." While it is true that the minimum fine was inflicted in this case, and the evidence establishes the fact of carrying a pistol, we cannot say to what extent this erroneous testimony brought about the conviction of appellant. Why the evidence was introduced the bill does not show, nor can we conceive of any legitimate purpose it could subserve. It follows, therefore, that the court erred in admitting this testimony, and the judgment is accordingly reversed and the cause is remanded.

*Reversed and remanded.*