Jim Johnson v. The State.

No. 483.   Decided March 9, 1910.

**1.—Theft—Description of Money.**

Where the information charged the theft of one dollar current money of the United States, and there was no attempt to prove that the money was current money of the United States, the same was reversible error. Following Early v. State, 56 Texas Crim. Rep., 61.

**2.—Same—Charge of Court—Money, Description of.**

Where, upon trial for theft, the information alleged that the money taken was current money of the United States, the court should have charged that the evidence must show this.

**3.—Same—Name of Party Injured—Charge of Court—Variance.**

Where, upon trial for theft, the weight of the evidence was that the alleged owner's name was Preston instead of Hunter, as alleged, the court should have submitted this issue.

Appeal from the County Court of McLennan.   Tried below before the Hon. Tom L. McCullough.

Appeal from a conviction of ·theft under the value of $50; penalty, a fine of $10 and one hour confinement in the county jail.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—On question of description of money: Lewis v. State, 28 Texas Crim. App., 140; Otero v. State, 30 Texas Crim. App., 450; Early v. State, 56 Texas Crim. Rep., 61, 118 S. W. Rep., 1036; Snelling v. State, 123 S. W. Rep., 610; Johnson v. State, 122 S. W. Rep., 877.

On question of variance of name of party injured: Lott v. State, 24 Texas Crim. App., 723; Taylor v. State, 27 Texas Crim. App., 49; Pendy v. State, 34 Texas Crim. Rep., 643.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The information charges · appellant with the theft of one dollar, current money of the United States of the value of ̈ one dollar, the personal property of and belonging to Laura Hunter, etc.

1. The only evidence in regard to the description of the money is that Laura Hunter lost $4.35, which was in a little box on a table in her room.   There was no attempt to prove the dollar to be current money of the United States.   In order to sustain this conviction it was necessary for the State to prove that the money taken was current money of the United States; that allegation in the information was descriptive of the money and could not be ignored.   The later cases deciding this question are Early v. State, 56 Texas Crim. Rep., 61, 118 S. W. Rep., 1036, and Snelling v. State, 57 Texas Crim. Rep., 416, 123 S. W. Rep., 610.   It is unnecessary to cite other cases.   Because of the failure to sustain this descriptive allegation in the information this judgment must be reversed.

The charge was also criticised because it did not inform the jury that in order to convict, that the evidence must show that the money taken was current money of the United States. This should be done upon another trial.

3. The weight of the evidence is to the effect that the alleged owner's name was Laura Preston, and not Laura Hunter. The charge is criticised because it failed to charge the jury that if the owner's name was Preston, and not Hunter, there would be a variance. We suggest upon another trial that this matter be given in charge to the jury if the testimony upon said trial is the same as incorporated in the record now before us.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*