## R. F. THOMPSON V. THE STATE.

### No. 6227.   Decided October 5, 1921.

**1.—Robbery—Recognizance—Practice on Appeal.**

The statute requires that the appellant, in a recognizance on appeal, that he and his sureties shall abide the judgment of the Court of Criminal Appeals of the State of Texas, and where the recognizance did not comply with this requirement, it was insufficient.

**2.—Same—Indictment—Value—Description of Money.**

Where, upon trial of robbery, the indictment alleged that the defendant took from the possession and person of said Cleve Barnes six hundred dollars, the same then and there being the personal property of and belonging to the said Cleve Barnes, the same was sufficient in describing the property, and it was unnecessary to allege the value thereof. Qualifying Duke v. State, 22 Texas Crim. App., and other cases. Following Guyon v. State, 89 Texas Crim. Rep., 287, and other cases.

**3.—Same—Evidence—General Reputation—Evidence.**

Upon trial of robbery, there was no reversible error in not permitting the defendant to show that the place where the alleged robbery took place bore the reputation of a resort for gambling, and for gambling purposes; besides, this was admitted by other witnesses.

**4.—Same—Moral Turpitude—Evidence—Impeaching Witness.**

Upon trial of robbery, there was no error in denying the defendant the privilege of proving that the injured party was operating the gambling house in question; besides, this fact was admitted by the other witnesses.

**5.—Same—Remarks by Court—Practice in Trial Court.**

While the remark by the court in ruling upon evidence should not have been made, yet in view of the record and in the manner in which the incident is presented, there is no reversible error.

**6.—Same—Evidence—United States Army.**

There was no error in not admitting testimony to show the recitals in defendant's discharge from the United States Army.

**7.—Same—Insanity—Temporary Use of Intoxicating Liquors—Demeanor of Defendant.**

Where defendant presented testimony to the effect that at the time of the making of the confession he was *non compos mentis,* it was competent for the State to prove by witnesses who had qualified themselves as to the facts, as to defendant's demeanor at the time, etc. Following Plummer v. State, 86 Texas Crim. Rep., 487.

**8.—Same—Evidence—Insanity—Arrest.**

The fact that the testimony was given by officers while the accused was under arrest would not render it incompetent as bearing upon the issue of insanity.

**9.—Same—Argument of Counsel—Practice on Appeal.**

Where, upon trial of robbery by firearms, the argument of State's counsel was not at variance with the evidence, wherein it appeared that defendant told the injured party and others not to move or he would "shoot their damned heads off," etc., there was no reversible error.

**10.—Same—Insanity—Charge of Court.**

Where the evidence did not raise the issue of insanity, save that of temporary insanity caused by drunkenness, upon which the court submitted a charge to the jury, and failed to charge on the general subject of insanity, there was no reversible error.

Appeal from the District Court of Eastland. Tried below before the Honorable E. A. Hill.

Appeal from a conviction of robbery; penalty, ten years imprisonment in the penitentiary.

The opinion states the case.

*Grisham Bros.,* for appellant.—On question of insufficiency of indictment: Wells v. State, 4 Texas Crim. App., 24. Spencer v. State, 55 S. W. Rep., 58. On question of description of money: Wade v. State, 32 S. W. Rep., 772, and cases cited in opinion.

*C. M. Cureton,* Attorney General and *C. L. Stone,* Assistant Attorney General, for the State.—On question of insufficiency of recognizance: Wells v. State, 150 S. W. 1163, and cases cited in opinion.

MORROW, Presiding Judge.—The appeal is from a conviction of robbery. The motion to dismiss the appeal for want of sufficient recognizance must be sustained. The purported recognizance found in the record partakes more of the nature of an appearance bond or a recognizance guaranteeing the appearance of the accused in the trial court. It is faulty in several respects, particularly in its failure to observe the requirements of the statute that it shall bind the appellant and his sureties to "abide a judgment of the Court of Criminal Appeals of the State of Texas." See Code of Criminal Procedure, Article 903. See opinion in cause No. 6229. Thompson v. State, 90 Texas Crim. Rep. 222, 234 S. W. Rep., 400.

The appeal is dismissed.

*Dismissed.*

MORROW, Presiding Judge.—The conviction is for robbery; punishment fixed at confinement in the penitentiary for ten years.

The indictment contains the averment: ". . . take from the possession and person of said Cleve Barnes six hundred dollars the same then and there being the personal property of and belonging to the said Cleve Barnes."

An effort to quash the indictment was made upon the ground that "it did not alleged the taking of anything of value and did not allege the value of the dollars taken and did not allege that the dollars taken were money."

The offense of robbery consists of the fraudulent taking from the person or possession of another of property by some of the means

named in the statute, and the value of the property is not an essential element either in averment or proof. See Penal Code, Art. 1327. The rule is different in embezzlement and theft for the reason that the offense is classified as a felony or misdemeanor upon the value of the property taken.

Appellant relies on the case of Dukes v. State (22 Texas Crim. App., 192) in which it is held that an indictment for theft from the person describing the property as "eight dollars" was bad. The opinion has not been followed. Reference is made to it in Wade v. State, 35 Texas Crim. App., 472, holding that the term "dollars" is not sufficient description of foreign money, for the reason that judicial cognizance is not taken of the coinage laws of the foreign countries. Foreign money comes under the general description of property (Code of Crim. Proc. Art. 458) while United States money comes under another statute (Code of Crim. Proc. Art. 468). In various laws of the United States, the "dollar" is recognized as the unit of money. See United States Compiled Statutes, 1918, Sec. 6448; U. S. Comp. Statutes, 1913, Vol. 3, Sec. 6541; also R. S. Art. 3571.

The "dollar" is defined as "the monetary unit or standard of value of the United States and Canada containing one hundred cents, etc." (Century Dictionary). Robbery indictments describing the property as "money" have been held sufficient. Guyon v. State, 89 Texas Crim. Rep., 287, 230 S. W. Rep., 410; Berry v. State, 46 Texas Crim. Rep., 420. A general description of money is all that is required. Code of Crim. Proc. Art. 468. In the instant case, the description of the property is "six hundred dollars," we think, met the requirements of the law and authorized proof that there was taken from the injured party money of the United States of America.

According to the evidence, the appellant went into a room in which the injured party, Barnes, and others were engaged in gambling. Several gambling games were shown to have been played. Barnes testified that he had been previously engaged in gaming there. There were some twenty people present. There were tables suitable for gambling. The appellant and his companions, according to the evidence, caused all who were present to turn their faces to the wall, put their hands over their heads and to submit to the rifling of their pockets upon the penalty of death, pistols being exhibited by the appellant and others acting with him.

He complains that he was not permitted to show by some of the state's witnesses that the place bore the reputation of a resort for gambling and for gaming purposes. A witness to whom this inquiry was addressed admitted that they were in the house and engaged in gaming. The locus of the crime and the environments under which it was committed were doubtless part of the *res gestae,* bue these were proved, and so far as they tended to discredit the witnesses, appellant had the advantage of them. To prove that the house bore the reputa-

tion of a gambling house, in our judgment, would have added nothing in the appellant's favor. Particularly is this true since it appears that the act of robbery and appellant's participation therein were not controverted facts. Many eyewitnesses testified. None denied appellant's presence. He did not deny it, but in a signed confession admitted it. Testifying as a witness, he disclaimed any knowledge of what took place, making the explanation that before he lost his memory, he had drunk a quantity of "Jake" and Jamaica ginger; that he was drunk all the time.

In a bill he complains that he was denied the privilege of proving that the injured party, Barnes, was operating the gambling house in question. Barnes, on cross examination, admitted his participation in the gambling but disclaimed ownership. Proof by another witness of the specific act of running a gambling house was not available to the appellant for the purpose of impeaching the witness, but if the contrary was true in the instant case, an adverse ruling was harmless because the proof that appellant committed the robbery came from the lips of other witnesses, as well as Barnes, and from appellant's confession, and was not controverted.

The remark imputed to the court in ruling upon the evidence referred to in the bill last mentioned, namely: "that it was a very good argument for a preacher to make but does not sound like a lawyer" was made in connection with his ruling upon the admission of evidence. Whether the jury was present is not disclosed by said bill and in this respect the bill is obviously defective. The remark was one of which, to say the least, the court should have refrained from making. In view of the record before us, however, and the manner in which the incident is presented, no reversible error is shown.

We discern no issue upon which it is competent to show the recitals in appellant's discharge from the United States Army.

Meeting appellant's theory presented by his testimony to the effect that at the time of the making of the confession he was *non compos mentis,* it was competent for the state to prove by the witnesses who were present and observed his demeanor at the time and by witnesses who had previously observed him during the time that his sanity was made an issue to relate the language of the appellant, to describe his demeanor, his appearance, to state their opinions concerning his sanity at the time, based upon the predicate laid by their testimony. See Plummer v. State, 86 Texas Crim. Rep., 487 and cases there cited.

The bills complaining of the action of the court upon this subject contain a detailed question-and-answer proceeding and leave us somewhat confused as to what was admitted and what was excluded. It is our conception of the record that no error was committed as shown by the bills. The fact that the testimony was given by officers while the accused was under arrest would not render it incompetent as bearing upon the issue of insanity. In view of the record wherein it appears

that the robbery was committed with firearms and appellant, displaying a pistol in a threatening manner, commanded obedience to his will in the perpetration of the robbery, we would not be justified in concluding that counsel for the state so far transcended the boundaries of legitimate debate as to require a reversal, by stating that the appellant had prepared for murder in order to effect the robbery. The case of Hubbard v. State, 52 Texas Crim. Rep., 399, 107 S. W. Rep., 351, wherein the accused is charged with carrying a pistol is not analogous. No argument of any kind was complained of in that case, though the court intimated by way of *dicta* that if in that kind of a case the court permitted an argument without evidence to the effect that the pistol was carried for the purpose of murder, it would be a reversible error. In the case before us, the argument seems not at variance, with the evidence wherein it appears that appellant told the injured party and others not to move, and said: "Get those God damn hands up on the wall and keep them there or I will blow your heads off." After telling his companions to take the money away while he guarded the victims he said: "The first man that turns his face around or makes any move, I will blow his head off." At the time of making these remarks he was armed, had his pistol presented, and was in a position to kill.

We find nothing in the record which would have made it proper for the court to instruct the jury upon any phase of insanity save that of temporary insanity caused by drunkenness. This phase was embodied in the charge which we regard as unexceptional.

The appellant testified that he had taken drinks at various places when in Ranger and that when he could get intoxicating drinks he got them; that he got drinks at drug-stores and cabarets. That he had been drinking intoxicants and was thereby rendered temporarily insane was an issue clearly presented by his own testimony, but the issue of insanity, save from this cause, we think, was not raised and that the refusal to submit it was proper.

The judgment is affirmed.

*Affirmed.*