## W. A. GLASSCOCK V. THE STATE.

No. 9145.     Delivered October 14, 1925.

**False Swearing—Charge of Court—Held, Erroneous.**

Where on a trial for false swearing, predicated upon an affidavit made by appellant, as to the value of certain property belonging to him, which was destroyed by fire, the trial court fell into error in failing to charge appellant's defensive theory that a false statement, made through inadvertence, or agitation, or by mistake, would, not constitute false swearing. Following Holt v. State, 89 S. W. 838.

Appeal from the District Court of Comal County. Tried below before the Hon. M. C. Jeffrey, Judge.

Appeal from a conviction of false swearing; penalty, five years in the penitentiary.

The opinion states the case.

*Hare & Fuchs,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, Judge.—The appellant was convicted in the district court of Comal County for the offense of false swearing and his punishment assessed at confinement in the penitentiary for a term of five years.

The charge grew out of an affidavit that the appellant made to proof of loss on account of a fire which destroyed a certain barn, residence and certain bee gums, frames, bee coolers, etc. The State relied for a conviction on circumstantial evidence alone, while the defendant's theory of the case was that the estimates of the value of the property so destroyed, as sworn to by him in the proof of loss, were based upon his best information and knowledge thereof. Testifying in his own behalf, his testimony shows that he arrived at the value of the house by reason of his experience in buying and trading in .real estate, and stated that the value was his best judgment of the same. He gave similar testimony as to how he arrived at the value of the bee gums and other property destroyed; and in addition to this stated that the bee gums were made by other parties, and that he relied on what such other parties told his as to the value and the cost thereof.

Appellant complains at the court's action in refusing to charge the jury that a false statement made through inadvertence or agitation or by mistake would not constitute false swearing. It occurs to us that the facts presented by this record made it clearly incumbent upon the trial court to instruct the jury on this phase of the law and his failure to do so was in our opinion error. Holt v. State, 89 S. W., 838.

The record contains a bill of exceptions to the court's action in overruling what appellant calls his first application for a continuance. There is some contest on the part of the State as to this being the first application, but we are inclined to agree that the facts stated bring it within the rule of a first application, and we are of the opinion that the same should have been granted. In view, however, of the fact that the case must be reversed on account of the omission in the court's charge above discussed, we do not deem it necessary to write at length upon the question of the motion for a continuance, as the matter will not occur upon another trial of the case.

There are various other errors complained of by appellant but as they may not occur in the same manner on another trial, a discussion of them is pretermitted.

For the errors above pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.