WILLIAM LEO BLEDSOE v. THE STATE.

No. 23921. Delivered March 3, 1948.
Rehearing Denied April 28, 1948.

576

*Roger Lewis*, of Dallas, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a term of five years.

The record reflects that on the night of February 3rd, 1946, J. O. McReynolds and a lady friend drove out to White Rock Lake and stopped near a little sandwich shop known as the Thicket. While there seated in their car, some man came up to the car and commanded McReynolds to get out and to put up his hands. McReynolds complied. He then commanded McReynolds to give him his wallet which contained about $28.00. McReynolds again obeyed because he was in fear for his life and bodily injury. After obtaining McReynolds' billfold, he asked the young lady who was with McReynolds for her purse but she did not have one. The man then went to a parked car, the engine of which was running, and hurriedly departed. McReynolds immediately reported the matter to the police who came to the scene of the robbery and soon thereafter arrested appellant and Alvis Clifford Walker not more than two miles away where appellant was attempting to rob Lt. Robert Vencil who resisted appellant and was fighting with him when the police arrived on the scene. The officers arrested both the appellant and his companion, Alvis Clifford Walker, and took them to jail where appellant was identified by McReynolds and Miss McAllister as the party who had robbed them.

Appellant denied that he had robbed McReynolds. However, he admitted that he and Alvis Clifford Walker were at the barn dance near White Oak Lake on the night in question. He also admitted that he and a soldier had engaged in a fight after he had walked up to a car in which a soldier and a lady were seated and tapped on the window. He said that he was under the impression that it was the car of a friend who was to take him home; that after he discovered that he had made a mistake, he apologized but the soldier declined to accept the apology and began to fight him. However, he was identified as the same man who robbed McReynolds.

Appellant's first contention is that the evidence is insufficient to sustain his conviction. We cannot agree with this contention. McReynolds and his lady friend were positive that appellant was the man who committed the robbery. This raised an issue of fact which the jury decided adversely to him and we would not be authorized to disturb the jury's conclusion of his guilt.

His next contention is that the court erred in permitting J. O. McReynolds and Miss McAllister to testify, over his objection, that defendant had a pistol or some sort of weapon at the time of the commission of the offense. We see no error reflected by this bill. McReynolds and Miss McAllister testified that appellant had a shiny object in his hand which they thought was a pistol or some kind of weapon which frightened them.

In his bill of exception No. 3 he claims that while cross examining the State's witness, McReynolds, he asked the witness whether or not he remembered having testified at the examining trial that he could not identify the defendant to which the State objected and the court sustained the objection. The court qualified the bill and in his qualification set out the questions propounded to the witness and his answers which clearly show that the witness denied having so testified at the examining trial. The bill as qualified fails to reflect any error.

Bills of Exception Nos. 4 and 5 are qualified by the trial court and as qualified fail to show any error.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

In his motion for rehearing, appellant insists that we erred in holding the facts sufficient to sustain the conviction and against his contention that there was a fatal variance between the allegations of the indictment and the proof as to the property alleged to have been taken in the robbery.

This contention is presented for the first time in this court. No specific attack was made touching the alleged variance upon the trial of the case. Indeed, the appellant did not specifically raise the question in his motion for new trial. Such, however, does not preclude appellant from raising the question here, but limits the investigation to alleged variance only.

The indictment described the property taken in the robbery as "$28.00 current money of the United States of America." The proof show that "$28.00" was taken. There is no direct testimony that the $28.00 so taken was "current money of the United States." Therein lies the claim of variance.

The figure "$28.00" means "twenty-eight dollars," as fully and to the same extent as if it were so written. Consequently, the indictment alleged and the proof showed that "dollars" were taken. A dollar is a unit of our currency. It always means money or what is regarded as money. United States v. Van Auken, 96 U. S. 366, 368, 26 L. Ed. 852; Thompson v. State, 90 Tex. Cr. R. 125, 234 S. W. 406. Consequently, proof of the fact that "dollars" were taken constitutes proof that "current money of the United States" was taken.

The exact question here presented was before the court in Armstrong v. State, 120 Tex. Cr. R. 526, 46 S. W. (2d) 987. That was a case of robbery, in which the indictment alleged that the property taken in the robbery was "lawful money of the United States of America." The evidence showed that $91.45 in money was taken. It was there contended, as here, that a variance existed between the allegation of the indictment and the proof. Such contention was overruled.

The conclusion is expressed that proof showing that "dollars" were taken in a robbery satisfies the allegation that "current money of the United States" was taken.

The cases of Early v. State, 56 Tex. Cr. R. 61, 118 S. W. 1036, Snelling v. State, 57 Tex. Cr. R. 416, 123 S. W. 610, and Johnson v. State, 58 Tex. Cr. R. 442, 126 S. W. 597, as well as

all others in so far as they conflict with the views here expressed, are overruled.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.