CLINT LEE PATRICK AND THERESA MAE BRAGGS v. STATE

No. 28,793. February 6, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) March 20, 1957.

428

*A. L. Lowery* and *Marion G. Holt,* Nacogdoches, for appellant.

*Leon Douglas,* State's Attorney, Austin for the state.

MORRISON, Presiding Judge.

The appellants were jointly convicted for felony theft, and their punishments assessed at two years.

The state's evidence shows that the appellants came from Houston to Nacogdoches and entered a retail store under the management of Mr. McKay. The appellant Braggs paid for a magazine and, while the cash register was open, requested an article which was stored near the floor and behind the cash register. As McKay selected the article and prepared to hand it to Braggs, she told him that he had made the wrong selection and that the article she really wanted was still nearer the floor. While McKay was in this position, the appellant Patrick reached in the open cash register drawer and "grabbed a bunch of twenty dollar bills." At this moment, the witness Lindsey called out to McKay, "He's in your cash register," and Patrick fled the store. McKay and Lindsey pursued Patrick, saw him leave the scene hurriedly, got the license number of his automobile, returned to the store to report it to the police, and discovered that Braggs was gone. After checking up, McKay discovered that $300.00 was missing from the cash register. Both appellants were arrested some thirty minutes later on the road to Lufkin, but the money was not found on their persons or in the automobile. This incident occurred at approximately four o'clock on Saturday afternoon.

Officer Roebuck who investigated the case testified without objection, in the absence of the jury, on the issue of the volun-

tary nature of the confession that on Saturday afternoon after he came on duty and before dark he talked to the appellant Patrick, and Patrick carried him to a vacant lot covered with weeds and told him that he had thrown the money in the weeds after leaving the scene of the theft; and when they were unable to find it Patrick explained that he remembered seeing two old men sitting across the street from the lot and that they must have gotten the money which he had hidden.

Roebuck stated that as Saturday night progressed he became occupied with other police duties and ceased his investigation of the missing McKay money, that Sunday was his day off so that he did not have an opportunity to work on the case again until he came to work on Monday night. He testified that both appellants made written confessions to him about midnight Monday.

The appellants testified in the absence of the jury only that their confessions had been involuntary and were made after being punched with an electric cow prod and hit with a rubber paddle. Both appellants admitted having prior criminal records. All the officers who came in contact with the appellants prior to the making of their confessions denied the acts of brutality attributed to them.

Patrick's confession recited that he hid the money in the weeds, met his female companion Braggs, who had fled from the store on foot, and drove in the direction of Lufkin to the point where he was arrested.

Braggs' confession recited that Patrick had pointed out to her the items she was to request so as to get McKay in a stooping position with his back to the cash register.

As stated, the appellants did not testify or offer any evidence in their behalf before the jury, and so the voluntary nature of the confessions was not submitted in the court's charge. We do not find them inadmissible as a matter of law.

The court submitted the case to the jury on the law of principals, and we find the evidence sufficient to support the convictions.

The sole question presented for review in the appellants' brief relates to the alleged failure of the proof to support the

allegation in the indictment that the appellants took "three hundred dollars in current money of the government of the United States of America of the value of three hundred dollars."

We note at the inception that McKay testified that the $300.00 which he lost was "in United States government money."

Reliance is had upon Hill v. State, 41 Texas 253; Perry v. State, 42 Texas Cr. Rep. 540, 61 S.W. 400; and Johnson v. State, 58 Texas Cr. Rep. 442, 126 S.W. 597.

In the Hill case, the conviction was reversed because the indictment had described the stolen hides with minute detail as "one red and white spotted hide branded HH on the side," while the proof had failed to meet this degree of particularity. We are not impressed with the applicability of the holding in this case to the case at bar. Quite another matter exists as to Perry and Johnson.

Perry need not be discussed because it was overruled in Berry v. State, 46 Texas Cr. Rep. 420, 80 S.W. 630, as was Johnson in Bledsoe v. State, 151 Texas Cr. Rep. 575, 210 S.W. 2d 165.

In Armstrong v. State, 120 Texas Cr. Rep. 526, 46 S.W. 2d 987, the indictment read "lawful money of the United States of America of the value of more than fifty dollars;" the proof showed "91.45 in money;" and this court affirmed the conviction.

The Armstrong case was cited with approval in the relatively recent case of Bledsoe v. State, supra, wherein we said:

"The indictment described the property taken in the robbery as '$28.00 current money of the United States of America.' The proof showed that '$28.00' was taken. There is no direct testimony that the $28.00 so taken was 'current money of the United States.' Therein lies the variance.

"The figure '$28.00' means 'twenty-eight dollars,' as fully and to the same extent as if it were so written. Consequently, the indictment alleged and the proof showed that 'dollars' were taken. A dollar is a unit of our currency. It always means money or what is regarded as money. United Staes v. Van Auken, 96 U.S. 366, 368, 26 L. ed. 852; Thompson v. State, 90 Texas Cr. Rep. 125, 234 S.W. 406. Consequently, proof of the

fact that 'dollars' were taken constitutes proof that 'current money of the United States' was taken."

We find no merit in the contention of appellants, and the judgments are affirmed.