## Wyatt Jordan v. The State.

### No. 3906. Decided March 13, 1907.

**1.—Theft—Misdemeanor—Accomplice—Charge of Court.**

Upon trial for theft, where the State relied on the testimony of an accomplice, it was error to instruct the jury that a conviction could not be had unless such testimony was corroborated by other evidence tending to connect the defendant with the offenses, etc.

**2.—Same—Charge of Court—Confession—Corroboration of Accomplice.**

Upon trial for theft, where the State relied on a confession of defendant and accomplice testimony, it was error to charge that defendant could not be found guilty upon his confession, etc. The State can introduce a confession, like any other circumstance, to corroborate an accomplice, but it is not necessary or proper for the court to instruct the jury to this effect, but simply to submit a charge on accomplice testimony under the rules of law.

Appeal from the County Court of Hill. Tried below before the Hon. N. J. Smith.

Appeal from a conviction of theft of property under the value of $50; penalty, a fine of $50 and twenty days confinement in the county jail.

The opinion states the case.

*B. Y. Cummings* and *Walter Collins,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft under $50, and his punishment assessed at a fine of $50 and twenty days confinement in the county jail.

Appellant objected to the following charge of the court on the question of accomplice: "You are instructed that the witness, D. L. Kain, who testified for the State, is an accomplice. In this connection you are charged that a conviction in this case cannot be had upon the testimony of an accomplice alone, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows that an offense had been committed. Therefore, even though you should believe that the cotton described in the complaint and information was stolen, you must acquit the defendant unless the testimony of the said witness, Kain, is corroborated by other evidence admitted before you,

which tends to connect the defendant with the commission of the offense alleged in the complaint and information, and you are charged in this connection that if you believe from the evidence beyond a reasonable doubt that the defendant, Wyatt Jordan, confessed to the witness Ritchie that he, the defendant, stole the cotton as charged in the complaint and information, and as testified to by said witness, Ritchie, and that said confession tends to connect the defendant with the commission of the crime, you may consider such confession for the purpose of corroborating the witness, D. L. Kain, if in fact it corroborates the witness, D. L. Kain." This charge has been condemned by this court repeatedly. See Bell v. State, 47 S. W. Rep., 1012; Jones v. State, 72 S. W. Rep., 845; Hart v. State, 82 S. W. Rep., 652; Crenshaw v. State, 85 S. W. Rep., 1147; Garlas v. State, 13 Texas Ct. Rep., 690; Reagan v. State, 16 Texas Ct. Rep., 239, and Oates v. State, 86 S. W. Rep., 769.

Immediately following the above charge is the following charge: "The State has introduced in evidence through the witness Ritchie what purports to be a confession of the defendant as to his guilt in this case. In this connection you are charged that you cannot find the defendant guilty upon said confession, if any, as testified to by the witness Ritchie, unless you believe that the same has been corroborated by other evidence which tends to connect the defendant with the commission of the offense alleged in the complaint and information, and you are charged in this connection that you cannot consider the testimony of the witness D. L. Kain for the purpose of corroborating the confession of the defendant as testified to by the witness Ritchie." This charge is erroneous. If there is any evidence introduced upon another trial of this case showing that the proper warning was not given by the witness Ritchie, before the confession was made, then the court should submit that as a question of fact to the jury, and tell the jury that they must not consider the confession of appellant unless a proper warning was given him prior to said confession. If there is a proper warning and no question made as to it, then no charge on the question of confession is necessary or needed. If the accomplice testifies to the facts, the State can introduce a confession, like any other circumstance, to corroborate the accomplice, but it is not necessary or proper for the court to tell the jury they can do so, but simply to give the charge on accomplice like this court has laid same down and let the jury consider all the facts that may be introduced in evidence to corroborate said accomplice. A confession is criminative evidence like the facts that other witnesses in this case testified about, and it is not proper for the court to single out the confession under the facts in this case for any purpose. Evidently the learned trial judge had in mind that line of authorities where the State relies mainly upon confession, with a lot of circumstances corroborating same. This is not that case. Here we have a self-confessed thief admitting his complicity and testifying against the appellant in this case, and the question

here to be considered and charged upon is whether the testimony corroborates the testimony of that accomplice.

We do not deem it necessary to review the other assignments. For the error discussed, however, the judgment is reversed and the cause remanded.

*Reversed and remanded.*