## JACK EARLY v. THE STATE.

### No. 4141.  Decided April 28, 1909.

**1.—Robbery—Description of Money Stolen—Variance.**

Where the indictment in a prosecution for robbery charged the taking of one ten dollar bill and one five dollar bill, current money of the United States of America, of the value of fifteen dollars, and the evidence showed only that defendant took "a ten dollar bill and a five dollar bill," without showing that these were United States currency of any kind, the conviction could not be sustained.

**2.—Same—Charge of Court—Accomplice Testiomny.**

Where upon trial for robbery the court in charging upon accomplice testimony instructed the jury that there must be other testimony to corroborate the testimony of the accomplice *tending* to connect the defendant with the offense, the same was reversible error. Following Jordon v. State, 51 Texas Crim. Rep., 145, and other cases.

Appeal from the District Court of McLennan.  Tried below before the Hon. Richard I. Munroe.

Appeal from a conviction of robbery; penalty, seven years imprisonment in the penitentiary.

The opinion states the case.

*Taylor & Gallagher,* for appellant.—On question of description of money: Berry v. State, 46 Texas Crim. Rep., 420, 80 S. W. Rep., 630; Black v. State, 46 Texas Crim. Rep., 107, 79 S. W. Rep., 311. On question of charge on accomplice testimony: Hart v. State, 47 Texas Crim. Rep., 156, 82 S. W. Rep., 652; Scott v. State, 36 S. W. Rep., 276, and cases cited in the opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of robbery, his punishment being assessed at seven years in the penitentiary.

The evidence is conflicting and it is not intended here to discuss its sufficiency.  The accomplice testified to a state of case which, if sufficiently corroborated, might sustain the conviction.  The indictment charges appellant with taking one ten dollar bill and one five dollar bill, current money of the United States of America, of the value of fifteen ($15) dollars.  The evidence shows only that he took "a ten dollar bill and a five dollar bill."  No witness undertakes to testify what character of money, or that it was in fact money further than the expression "five dollar bill and ten dollar bill." There is not a word of evidence that indicates it was United States

currency of any sort, green backs, national bank bills or treasury notes, but the evidence leaves it just as stated, "a five dollar bill and a ten dollar bill." Why it is thus left is not explained in the record. This allegation of the indictment must be proved. The evidence is too indefinite in this respect. We call attention to this so that upon another trial such uncertainty may be avoided.

The court charged the jury in regard to accomplice evidence as follows: "I instruct you that the witness Major Nolan is an accomplice. Now, you can not convict the defendant upon his testimony alone unless you first believe that his testimony is true and tends to connect the defendant with the offense charged and then you can not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the accomplice's testimony tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense charged." Exception was properly reserved to this charge and correctly. This charge has been condemned in a great number of cases. Jordan v. State, 51 Texas Crim. Rep., 145, where will be found quite a number of cases cited. Oates v. State, 51 Texas Crim. Rep., 449.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*