## LUTHER ROGERS v. THE STATE.

### No. 365. Decided January 26, 1910.

**Theft—Insufficiency of the Evidence—Description of Money.**

Where the defendant was charged with stealing current money of the United States of America, and there was no evidence that the alleged stolen money was current money of the United States of America, the conviction could not be sustained. Following Early v. State, 56 Texas Crim. Rep., 61.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of theft; penalty, a fine of $25 and five days confinement in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of variance in description of money: Dover v. State, 32 Texas, 84; Coffelt v. State, 27 Texas Crim. App., 608; Childers v. State, 16 Texas Crim. App., 524; Perry v. State, 42 Texas Crim. Rep., 540, 61 S. W. Rep., 400; Early v. State, 56 Texas Crim. Rep., 61, 118 S. W. Rep., 1036; Brooks v. State, 56 Texas Crim. Rep., 513, 120 S. W. Rep., 878.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This conviction was for theft of money alleged to be two and 55-100 dollars in current money of the United States of America, to wit: two silver dollars of the value of one dollar each, and two twenty-five cent pieces of silver of the value of twenty-five cents each, and one five cent piece of the value of five cents.

1. It is insisted the evidence is not sufficient to support the judgment, first, because it is not shown defendant ever took the money, and, second, the failure of the State to prove the money taken was money coined by the United States government. There seems to have been no attempt to prove that the money was current money of the United States of America. The alleged owner testifies that he lost two silver dollars, two twenty-five cent pieces, and one five cent piece, which in the testimony is called a nickel. This is not sufficient. Early v. State, 56 Texas Crim. Rep., 61, 118 S. W., 1036. The authorities are uniform that where the money is described to be money of the United States of America, the evidence must correspond and sustain that allegation. In other words, the general proposition is correct that the descriptive averments of an indictment must be proved as they are alleged.

Because of the failure of the evidence in the respect mentioned, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*