STATE, Respondent, *v.* LYFORD, Appellant.

(No. 6,649.)

(Submitted April 7, 1930.   Decided April 25, 1930.)

[287 Pac. 214.]

Mr. *J. D. Taylor* and Mr. *Harry H. Parsons,* for Appellant.

*Mr. L. A. Foot,* Attorney General, and *Mr. T. H. MacDonald,* Assistant Attorney General, for the State.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

The defendant was convicted of grand larceny. His motion for a new trial was overruled, and he appealed from the judgment.

The information, as amended without objection at the time of the trial, described the subject of the larceny as "one white-faced yearling steer, branded with the brand P S on the left hip, * * * then and there being owned by and the property of Peter Scheffer."

The evidence introduced by the state shows that defendant in July and August, 1929, was employed by S. Manheimer as foreman on the latter's ranch in Missoula county; defendant was to receive certain wages and seventy-five cents per day for boarding each man employed on the ranch. While so employed, defendant, about the latter part of July or the first of August, shot a yearling and with the assistance of other

employees working on the farm skinned and dressed it, buried the hide and entrails in the earth near a meat-house on the ranch, and put the meat in the ice-house. On August 26 the hide was found. When first examined by witnesses, it was thought it bore a P L brand on the left hip, which was the recorded brand of Jack Ray. Later the hair was removed from the hide and it was found that the brand was in fact P S, the recorded brand of Peter Scheffer. The tip of the right ear was missing when the hide was found. One of the state's witnesses who helped skin and dress the animal testified that he thought the animal was a heifer but said he did not examine it carefully. Other witnesses for the state said they did not know what the sex of the animal was, and still others thought or judged from the hide that it was a heifer. One of the witnesses who helped skin the animal said he thought it was a steer, though admitting that he did not examine it as to sex.

Edgar Scheffer, a witness for the state, testified that he examined the hide the day before the trial, and recalled the time of branding the particular animal. He said it was a steer, "a white-face, line-back muley," and that the tip of its right ear had been frozen. He helped brand it, and in April it was turned out on the range, and he had not been able to locate it since.

Peter Scheffer said that the brand on the hide was his and that he had a muley steer calf answering to that description. Jack H. Ray testified that he knew that particular animal, that it was a steer and not a heifer, and that he helped brand and castrate it.

At the close of the state's case defendant made a motion that the court direct the jury to return a verdict of not guilty on the ground that the evidence showed that the animal was a heifer and not a steer. Error is assigned because of the action of the court in denying the motion. The motion was properly denied because the evidence on the point was conflicting. "The fact that witnesses for the prosecution contradict or give evidence tending to impeach one another does not preclude the

jury from basing a verdict on the testimony of such of them as they believe.'' (16 C. J. 761; see, also, *Danzley* v. *State*, 25 Ga. App. 170, 102 S. E. 915; *People* v. *Klein*, 185 App. Div. 86, 173 N. Y. Supp. 108; *State* v. *McComas*, 80 Mont. 130, 259 Pac. 507.) By instruction the issue whether the animal was a heifer or steer was submitted to the jury, which evidently found, on the conflicting evidence, that it was a steer.

Contention is also made that the evidence is insufficient to show that the animal belonged to Peter Scheffer as alleged in the information. There is much evidence to the effect that when the hide was first examined, witnesses concluded that it was branded P L, connected as follows: P. However, the same witnesses who so testified also stated that, upon further examination of the hide after the hair had been removed, their first conclusion was erroneous, and that the brand was in fact P S, the recorded brand of Peter Scheffer. The evidence was sufficient to warrant a finding by the jury that the animal bore the brand of Peter Scheffer and was owned by him.

Defendant contends that the court erred in refusing his offered instruction No. 7. This offered instruction was to the effect that the uncorroborated testimony of an accomplice ought to be received with great caution by the jury. The instruction was properly refused because the court, pursuant to subdivision 4, section 10672, Revised Codes 1921, by its instruction numbered 11, advised the jury that the testimony of an accomplice ought to be viewed with distrust. This was sufficient direction to the jury as to the effect to be given to the testimony of an accomplice.

Complaint is made that defendant's offered instruction No. 8 was improperly refused. This offered instruction defined the word ''accomplice.'' The court gave another instruction which defined the term in the exact language set out in *State* v. *Jenkins*, 66 Mont. 359, 213 Pac. 590, and the offered instruction was therefore properly refused.

Defendant assigns error on the refusal of the court to give ▮ his offered instruction No. 9. This offered instruction was in part as follows: "All the evidence produced by the state, except by accomplices, is circumstantial. There is no direct or positive evidence that the defendant committed the crime charged." It then proceeded to state what elements must exist to justify conviction on circumstantial evidence. The offered instruction was properly refused. In effect it was a direction that the testimony of accomplices must be wholly disregarded. Granting that the corroboration of the accomplices was by circumstantial evidence only (see *State* v. *Cobb,* 76 Mont. 89, 245 Pac. 265), the instruction was properly refused because the corroboration of an accomplice need not be sufficient to justify a conviction on it alone. (*State* v. *Bolton,* 65 Mont. 74, 212 Pac. 504; *State* v. *Yegen,* 86 Mont. 240, 283 Pac. 210; *State* v. *Broell,* 87 Mont. 284, 286 Pac. 1108.) Furthermore, there was some direct evidence aside from that of the accomplices, tending to connect defendant with the offense charged and for that reason also the offered instruction was properly refused.

Defendant complains that the court refused to give offered ▮ instruction No. 16, as follows: "The defendant must be tried by you only on the specific charge specified in the indictment. He must be convicted of no other crime nor upon any other charge. You must confine your deliberations upon the whole evidence to the particular crime charged in the information, and if that crime has not been proved beyond a reasonable doubt, you must acquit the defendant."

By other instructions given, the jury was instructed "to try the question in the case submitted to you upon the testimony introduced upon the trial, and upon the law as given you in these instructions," and that "the state is required to prove beyond a reasonable doubt every material fact alleged in the information." The matters embraced in offered instruction 16 were sufficiently covered by the instructions given and the refusal to give the offered instruction was not error.

Other specifications of error relate to the action of the court in permitting the information to be amended at the time of the trial by changing the character of the brand on the animal alleged to have been stolen, its sex and ownership. The amendments were made not only without objection, but with the express statement by defendant, through his counsel, that he had no objection to the amendments. Defendant made no request for a continuance of the case and made no showing that he was not prepared to go to trial on the information as amended. These alleged errors are not available to defendant.

No error appearing, the judgment is affirmed.

ASSOCIATE JUSTICES MATTHEWS, GALEN and FORD concur.

MR. CHIEF JUSTICE CALLAWAY, being absent, takes no part in the foregoing decision.