## STANFIELD v. STATE.
### No. 24044.

Court of Criminal Appeals of Texas.
Oct. 13, 1948.

For original opinion and opinion on first motion for rehearing, see Tex.Crim.App., 212 S.W.2d 516.

Nelson & McCleskey, of Lubbock, for appellant.

Ernest S. Goens, of Austin, for the State.

On Appellant's Second Motion for Rehearing.

BEAUCHAMP, Judge.

Appellant has filed an application for permission to file a second motion for rehearing. The ground set up in said motion, which appellant seeks to file, was not presented to this Court nor considered by it in the original submission, or the motion for rehearing.

It is alleged that the appellant took $120.-00 "lawful money of the United States." The proof shows the amount of money, but none was offered to show that it was "lawful money of the United States." Relying upon an old line of authorities in which this Court did so hold for a great many years, it is sought through a second motion to have the case reversed. Reliance is had chiefly on Early v. State, 56 Tex. Cr.R. 61, 118 S.W. 1036, and the authorities following it.

Attention is called to Bledsoe v. State, Tex.Cr.App., 210 S.W.2d 165, in which the Early case and all others following it are specifically overruled. We think the correct doctrine was laid down in Neufield v. United States, 73 App.D.C. 174, 118 F.2d 375, 386, in which it was said, "A jury is entitled to draw reasonable inferences from the facts proved and to take language at its ordinary meaning." It is further reasoned that, "'money' in common parlance means money of the United States." See also Guyon v. State, 89 Tex. Cr.R. 287, 230 S.W. 408; Colter v. State, 37 Tex.Cr.R. 284, 39 S.W. 576; People v. Fiereto, 303 Ill. 186, 135 N.E. 417, in which it is held that the word money imports value.

Appellant's application for permission to file a second motion for rehearing is denied.