NUMBER 13-99-002-CR, 13-99-003-CR


and 13-99-004-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


JUAN JOSE SOULAS, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Dorsey, Chavez and Rodriguez



Opinion by Justice Chavez




 A jury found appellant Juan Jose Soulas guilty of two counts of
intoxication manslaughter, one count of intoxication assault, and one
count of aggravated assault. It assessed his punishment for
intoxication manslaughter at five years each, for intoxicated assault at
five years, and aggravated assault at two years, each sentence running
concurrently with the other sentences. The jury also assessed a fine of
$2,500 for each offense. 

 The appellant challenges the legal and the factual sufficiency of
the evidence. The appellant also filed a motion for new trial based on
newly discovered evidence, and seeks relief from the trial court's denial
of this motion. The State argues that even if the appellant's arguments
are correct, he is not entitled to appellate review because he did not
present a complete record on appeal as required by Texas Rule of
Appellate Procedure 34.6(c)(5). We reject this argument, reverse the
trial court's ruling on the basis of the legal sufficiency of the evidence,
and render judgment of acquittal.

 On December 30, 1996, Soulas was involved in a violent, high-speed, two car collision in Nueces County. Soulas, with a blood alcohol
level of 290 milligrams per deciliter, was in the car that caused the
wreck. One individual died and another was injured in the other car. 
A third individual, who was in Soulas's car, died soon after the collision. 
Soulas suffered injuries. He admitted to having been in the car at the
time of the collision, but denied he was the driver. There were no
witnesses who testified to having seen Soulas drive the car or to having
seen him thrown from the driver's side of the car. There was testimony
that Soulas was found, in a debilitated state, about twenty to thirty feet
outside of the driver's side of his vehicle.

 Although the air bag did inflate in Soulas's car, one witness
testified that she saw the imprint of a steering wheel on his chest at the
scene of the wreck. Soulas, however, has an unusual scar on his chest
from a shotgun blast he suffered during childhood. The witness also
stated that she may have been mistaken about the steering wheel mark
if the air bag had been deployed. A police officer investigating the
incident testified that Soulas had a mark on his face that could have
been a rug burn from the air bag. 

 There was testimony that Soulas was uncooperative when being
questioned; it is also clear that he was inebriated and in poor physical
condition from the wreck. The State did no investigation of the interior
of Soulas's car for blood, hair, skin or any other evidence that would
connect Soulas or the other person in his car to the driver's seat of the
car. The other person in the car was a woman whom Soulas had
recently met at a bar; the State argued that Soulas would not let a
stranger drive his car. The State also argued that because the driver's
side of the car was relatively undamaged when compared to the
passenger side of the vehicle, and because Soulas survived and the
other person in the car did not, it is more likely that Soulas was on the
driver's side of the vehicle.

 The State presented very little evidence regarding reconstruction
of the accident, nor did it have an accident reconstruction expert study
the scene where the wreck took place. The defense argued that the
other person in Soulas's vehicle, not Soulas, was driving at the time of
the wreck, and presented an expert in accident reconstruction whose
testimony provided one of many possible scenarios that could describe
how the collision happened. The State could not refute the expert's
testimony. 

 The State presented the testimony of a police officer, who, with
little investigation, concluded in the immediate disorder after the
collision that Soulas was the driver of the car, and filled in Soulas's
name as the driver on his paperwork. He made no measurements, took
no photographs, made no notes about where the two cars collided or
rested after the impact, and interviewed only one witness. 

 There were two state highway patrolmen who also served as
witnesses for the State. Neither officer was a certified accident
reconstructionist. They took photos at the scene that provided ample
evidence of the intoxication of Soulas and the other person in his
vehicle, but did not provide any evidence in regard to the identity of the
driver of Soulas's vehicle. One diagramed the scene of the accident, the
other made a rough sketch. Both agreed that Soulas's car had run a
stop sign to cause the collision. Neither attempted to mark where
Soulas or the other individual thrown out of his car landed, nor provided
any other evidence in regard to the identity of the driver of the vehicle. 

 Except for aggravated assault, which requires Soulas to have used
or exhibited a deadly weapon,(1)
 an essential element of all of the charges
against him is that he must have operated a motor vehicle. Tex. Penal
Code Ann. §§ 49.07, 49.08 (Vernon 1979). Here, the motor vehicle or
deadly weapon is Soulas's vehicle. The finder of fact must determine
beyond a reasonable doubt that Soulas was the driver of the car at the
time of the collision. Otherwise, Soulas is presumed innocent. Tex.
Code Crim. Proc. Ann. § 38.03 (Vernon 1979).

 The jury is the finder of fact, and the exclusive judge of the
credibility, weight, and balance of all testimony. Penegraph v. State,
623 S.W.2d 341, 343 (Tex. Crim. App. 1981); Tex. Code Crim. Proc.
Ann. § 38.04 (Vernon 1979). When this court reviews the legal
sufficiency of the evidence, we determine whether, after viewing all of
the evidence in the light most favorable to the verdict, any rational trier
of fact could have found the essential elements of the offense charged
against the defendant beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 318-19 (1979); Mosley v. State 983 S.W.2d 249, 254
(Tex. Crim. App. 1998); Cano v. State, 3 S.W.3d 99, 104-105 (Tex.
App.--Corpus Christi 1999, pet. ref'd).

 The evidence that puts Soulas behind the wheel of his vehicle is
extremely sparse. No witnesses could testify to having seen Soulas
operating his vehicle. The jury may nonetheless draw reasonable
inferences from the evidence presented to it in order to determine
ultimate facts, and may choose among reasonable constructions of the
evidence. Stanfield v. State, 213 S.W.2d 837, 837 (Tex. Crim. App.
1948); Benavides v. State, 763 S.W.2d 587, 588-89 (Tex. App.--Corpus
Christi 1988, pet. ref'd). The evidence is undisputed that Soulas was
in the vehicle and that the vehicle belonged to him. But here, to
determine that he was the driver of the vehicle, a fact-finder must make
broad inferences from the scant evidence available. 

 The State failed to provide an adequate accident reconstruction,
and did not offer physical evidence of blood, hair, skin or other evidence
linking Soulas to the driver's side of the vehicle at the time of the
collision. The State did point out problems with the defendant's
accident-reconstruction expert. The expert's conclusion was only one
of many possible conclusions; his computer simulation was two
dimensional, not three dimensional; he did not account for possible
variables that could affect the results of his reconstruction. But the
State failed to controvert his testimony. The only other evidence is
vague and circumstantial. All of the evidence presented, viewed in a
light most favorable to the jury's finding, is insufficient to establish guilt
beyond a reasonable doubt. We hold that the evidence is legally
insufficient to support the conviction.

 The State points out that the trial exhibits were not included in the
reporter's record presented to this court on appeal. The Texas Rules of
Appellate Procedure provide that in a criminal case, if the statement
contains a point complaining that the evidence is insufficient to support
a finding of guilt, the record must include all of the evidence admitted
at the trial on the issue of guilt or innocence and punishment. Tex. R.
App. P. 34.6(c)(5). Another section of the same rule, however, states
that if anything relevant is omitted from the reporter's record, the
appellate court may direct the official court reporter to supplement it
with the omitted items. Tex. R. App. P. 34.6(d). Any supplemental
reporter's record is part of the appellate record. Id. In this case, the
missing exhibits were presented to this court upon our order to the
official court reporter of the trial court. Accordingly, we find no merit in
the State's argument.

 Because we find the evidence legally insufficient, we need not look
at the remaining arguments. Tex. R. App. P. 47.1. The trial court's
ruling is reversed; the appellant is acquitted.


 MELCHOR CHAVEZ

 Justice


Do not publish.

TEX. R. APP. P. 47.3.


Opinion delivered and filed this

the 11th day of May, 2000.

 

1. Tex Penal Code Ann. § 22.02 (Vernon 1994).